Defendant-appellant Thomas Turpin appeals the July 23, 1998, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 11, 1998, the Stark County Grand Jury indicted appellant on one count of gross sexual imposition in violation of R.C. 2907.05 in Case No. 1998CR0679. The indictment stated that the victim, Christine Spreainde, was less than thirteen (13) years of age. At his arraignment, appellant entered a plea of not guilty to the charge. The Bill of Particulars, which was filed on July 6, 1998, disclosed that appellant, on October 15, 1997, had fondled Spreainde's buttocks.
On July 15, 1998, appellant entered a plea of guilty to the charge of gross sexual imposition in Case No. 1998CR0679. The same day, appellant waived prosecution by indictment in Case No. 1998CR0801 and plead guilty to a separate count of gross sexual imposition contained in a Bill of Information. The Bill of Information stated that appellant, on or about January 1, 1998, to on or about January 31, 1998, had had sexual contact with Lynn Turpin, who was less than thirteen years of age. Thereafter, appellant was sentenced to concurrent one year sentences on each count. Judgment Entries memorializing appellant's change of plea and his sentence were filed on July 21, 1998.
A hearing to determine appellant's status as a sexual predator was held on July 22, 1998. Prior to the hearing, which is commonly known as a H.B. 180 hearing, appellant filed motions to dismiss in both cases based on ex post facto, retroactivity and double jeopardy grounds. Appellant also filed motions requesting that R.C. 2950.09(C) be declared unconstitutionally vague. The trial court, after denying appellant's motions, proceeded to hear from both the State of Ohio and counsel for the appellant. The State of Ohio offered into evidence the Bill of Particulars from case 1998-CR-0679 (State's Exhibit 1), the Bill of Information from case 1998-CR-0811 (State's Exhibit 2) and asked the court to take into consideration that the appellant entered guilty pleas to both offenses and to take judicial notice of the sentence handed down by the court the week before in those two cases. Counsel for the State of Ohio pointed out to the Court the following: the age of the appellant, the ages of the victims, the fact that there were multiple victims, the type of sexual contact involved with each victim and that three months passed between the occurrence of each incident. Counsel for the State of Ohio also indicated to the court that there were no allegations of force or drugs or alcohol being used in the commission of the offenses. Counsel for the State added that the appellant had no prior convictions for offenses of a sexual nature. Counsel for appellant argued that the evidence was insufficient to establish that the appellant is a sexual predator. The court took the matter under advisement and subsequently adjudicated appellant a sexual predator. A Judgment Entry memorializing the court's determination was filed on July 23, 1998. It is from such determination that appellant prosecutes this appeal, raising the following assignment of error:
 [THE] TRIAL ERRED IN FINDING DEFENDANT-APPELLANT A SEXUAL PREDATOR.
Appellant, in his sole assignment of error, argues that the trial court's adjudicating him a sexual predator as defined in R.C. 2950.01(E) was not supported by clear and convincing evidence.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co.v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. 2950.01 (E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of two counts of gross sexual imposition under R.C. 2907.05, which are deemed to be sexually oriented offenses under R.C. 2950.01
(D)(1). In addition, R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (13)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
At the hearing, the trial court considered the above factors. Pursuant to a Judgment Entry filed on July 23, 1998, the trial court found by clear and convincing evidence that appellant should be classified as a sexual predator. The trial court, in so holding, stated as follows:
 "The Court finds that the defendant in this particular case took advantage of a special relationship he had with both respective victims in this matter. One victim was age 11 and one victim was age 9, both being young female girls. The defendant was approximately 31 years of age at the time. Both cases took place at different locations at different times and the defendant relied upon his special relationship with each child to commit the various offenses. In one case the defendant was the uncle of the child and in the other case the defendant was the boyfriend of the child's mother. The defendant engaged in similar inappropriate sexual conduct with each child showing a pattern of conduct by this particular defendant. This conduct included fondling each child's private areas as well as other inappropriate conduct. At a minimum, this defendant would qualify as an habitual sexual offender but this Court believes that the facts in this case require that he be classified as a sexual predator. One part of the conviction in this case rests on an October, 1997 incident and the other on a January, 1998 incident which shows that the conduct took place over a period of time."
We find that the young age of the victims, the fact that appellant took advantage of his special position of authority over the victims, and the fact that there were two separate incidents involving separate victims all mitigate in favor of the trial court's decision.
Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the July 22, 1998, hearing. We further find that the evidence presented and the findings made by the trial court support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence.
Appellant's assignment of error is overruled.
The judgment of the Court of Common Pleas Court of Stark County, Ohio, is affirmed.
By Edwards, J. Hoffman, J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs waived.
---------------------------
---------------------------
 --------------------------- JUDGES